DIAMOND ACRES *v.* DIETZ.

5-2889 363 S. W. 2d 914

Opinion Delivered January 14, 1963.

[Rehearing denied February 11, 1963.]

*W. S. Walker* and *Virgil D. Willis*, for appellant.

*John H. Shouse* and *J. Loyd Shouse*, for appellee.

SAM ROBINSON, Associate Justice. The appellant, Henry Dietz, and appellee, John Dietz, are brothers. Henry acquired several hundred acres of land near Bull

Shoals Lake in Boone County. He formed a corporation named Diamond Acres, Inc. and conveyed a part of the land to the corporation. His intentions were to divide the land into small tracts or lots and sell them for residential property.

In August, 1959, Henry employed the appellee, his brother John, in connection with the development. Whether John was working for Henry, as distinguished from the corporation, is not made an issue on appeal.

John's salary at the beginning was $60.00 per week. He did all kinds of work that he was called upon to do and continued as an employee of appellants until November, 1961. In January, 1962, John filed this suit contending that in the first part of June, 1960, he and Henry entered into an oral contract whereby John was made general manager of the entire operation and was to receive as consideration for his work, five per cent commission on the gross sales of the real property, and that during 1961 the sales amounted to about $480,000.00; that appellants were indebted to him in the sum of about $20,000.00 on the contract of employment.

Defendants answered asserting that the alleged oral contract of employment was barred by the statute of frauds because it was not to be performed within one year. Henry further alleged that he employed John on August 27, 1959 at a salary of $60.00 per week; that from January 17, 1960 to June 2, 1960, the salary was $75.00 per week; from June 3, 1960 to December 31, 1960, the salary was $125.00 per week; from February 24, 1961 to August 7, 1961, the salary was $125.00 per week, and that the salary had been paid in full. By way of cross-complaint Henry alleged that John owed him $800.00 as borrowed money.

The cause was tried to a jury and there was a verdict for John in the sum of $5,400.00 and a verdict for Henry on the cross-complaint in the sum of $400.00. Thereupon, the Court credited one verdict against the other and judgment was entered for John in the sum of $5,000.00. Henry and his corporation have appealed.

Appellants rely on three points. First, that the alleged oral contract for five per cent commission is barred by the statutes of fraud because the work was not to be performed within one year. Second, that the alleged contract was for the payment of a commission for the sale of real estate, and since John had no real estate or brokers license he cannot recover. Third, that the evidence is not sufficient to support the verdict.

It is clear that the jury did not find for John on the alleged oral contract for five per cent commission. If the verdict had been based on that theory, no doubt, according to the evidence, John would have been entitled to recover about $20,000.00; but according to the allegations in Henry's answer and the evidence introduced by appellants, John was employed during certain periods for a stipulated salary. Appellants' auditor testified as to the total amount paid to John as salary. When the amount paid to him is deducted from the amount appellants admit that John earned, there is left a balance owed to him in excess of the amount of the jury verdict. Appellee has taken no cross-appeal.

The case was submitted to the jury on the theory of whether appellants were indebted to appellee for work done. After having retired to consider its verdict, the jury returned for further instructions and, without objection, they were told by the Court: "If you find that the plaintiff, John Dietz, is entitled to recover for his alleged services to the defendants, in other words, if you find that they had a contract for employment and that he rendered services for which he has not been fully paid, then you would find for the plaintiff in whatever sum you find he had not been paid and insert that in the blank space."

The evidence does not show that John was acting as a real estate agent or broker requiring a license. The evidence is sufficient to support the verdict.

Finding no error, the judgment is affirmed.